(59 App. Div. 339.)

### JOHNSON v. PRAEGER.

(Supreme Court, Appellate Division, Third Department. March 6, 1901.)

PAWNBROKERS—LOST TICKET—REDEMPTION BY FINDER—LIABILITY OF PAWN-
BROKER.
    Plaintiff pawned a diamond ring, and afterwards lost the ticket, which was found by a stranger, who redeemed the property. Plaintiff had pawned many articles with the same pawnbroker, and other persons had presented the tickets and redeemed the property on different occasions. There was no special agreement at the time of pawning the ring, and the broker acted in good faith in giving it to the holder of the ticket. *Held*, that plaintiff could not recover the value of the ring from the pawnbroker, since he was entitled to assume that the usual course of dealing would be pursued, and that he was authorized to give the property to the holder of the ticket.

Appeal from trial term, Albany county.

Action by Wilson T. Johnson against Mrs. A. Praegar. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and· KELLOGG, EDWARDS, SMITH,·and CHASE, JJ.

Lucian Tuffs (Peter A. Delaney, of counsel), for appellant.
Muhlfelder & Illch, for respondent.

EDWARDS, J. This action was brought to recover the value of a diamond ring pawned by the plaintiff with the defendant. The plaintiff lost the pawnbroker's ticket which had beeп delivered to

him. The defendant, without knowledge of such loss, delivered the ring to a person who presented the ticket at her place of business and redeemed the ring. There is no evidence in the case of bad faith on the part of the defendant. The plaintiff previously to this had many transactions in pawning various articles with the defendant, who was a pawnbroker. He had once before sent this ring by a person to be pawned, and had also sent other articles there for that purpose. On several occasions (at least three or four) other people had presented the tickets given to the plaintiff for articles pawned by him and redeemed them, and the plaintiff had acquiesced in and never questioned the authority of the defendant to deliver the articles pawned by him to the persons presenting the tickets. There does not appear to have been any express agreement made between the parties at the time of the pawning of the ring with regard to its redelivery by the pawnee, and the contract between them in that respect must be presumed to have been made on the basis of the character of the dealing which had been adopted between them. I think it must be assumed that it was the intention and understanding of the parties that the usage adopted by them in regard to the redelivery of the pledge should be applicable to this case. There was an implied authority from such usage to the defendant to deliver the pledge to the person in possession of the ticket, and such authority not having been revoked, and there being no evidence of bad faith on the part of the defendant, I think there was no liability on her part for a misdelivery.

The judgment should be affirmed, with costs. All concur.